**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED
2018 FEB 23 AM 9: 56
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
AM

ROBERT WHITE,
                    **Plaintiff,**

-vs-

TEXAS STATE TECHNICAL
COLLEGE,
                    **Defendant.**

                                        **CAUSE NO.:**
                                        **A-17-CV-00837-SS**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Texas State Technical College (TSTC)'s Motion to Dismiss [#4], Plaintiff Robert White's Response [#6] in opposition, and TSTC's Reply [#7] thereto, as well as TSTC's Motion to Stay Discovery [#5]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case relates to White's termination from TSTC, after approximately 40 years of employment with the school. White alleges TSTC improperly terminated him on June 6, 2016 on the basis of age discrimination. Compl. [#1] at ¶¶7, 18, 19. Near the end of this employment, White contends he was consistently overlooked for pay raises and given negative remarks on his job performance. *Id.* at ¶¶ 8–10. According to White, he was terminated after drinking a margarita off campus during lunch without notice, probation, or information regarding his right to appeal the termination. *Id.* at ¶¶ 15, 16. White further contends the TSTC has embarrassed and harassed him since his termination. *Id.* at ¶ 17.

White filed this lawsuit on August 29, 2017, asserting claims for age discrimination and intentional infliction of emotional distress. *Id.* at ¶¶ 18–21. TSTC has moved to dismiss this case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The motion is now ripe for consideration.

## Analysis

### I. Legal Standard—Rule 12(b)(1)

A motion under Rule 12(b)(1) asks a court to dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted). A jurisdictional attack under Rule 12(b)(1) should be considered before addressing other challenges to the claims on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"[T]he burden on a rule 12(b)(1) motion is on the party asserting jurisdiction." *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010) (en banc). Under appropriate circumstances, the Court may determine the issue of subject matter jurisdiction based upon "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

### II. Application

TSTC argues dismissal of this case is warranted because the claims asserted are barred by sovereign immunity under the Eleventh Amendment. Mot. Dismiss [#4] at 3–4. Specifically,

TSTC contends it is entitled to sovereign immunity as a state agency, and the Eleventh Amendment thus divests this Court of jurisdiction. *Id.* TSTC also asserts its immunity extends to White's tort claims because the Texas Tort Claims Act does not waive a state's immunity for intentional torts. *Id.* at 4–5.

The Court agrees it lacks subject matter jurisdiction over the claims in this case. TSTC, as a state agency, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver. *See Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 392 (5th Cir. 2007). TSTC's immunity extends to claims for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA) as well as claims for intentional infliction of emotional distress. *See id.* at 393 ("ADEA does not abrogate Eleventh Amendment immunity"); *See Ganther v. Ingle*, 75 F.3d 207, 210 (5th Cir. 1996) (affirming dismissal of intentional infliction of emotional distress claim on basis of Eleventh Amendment immunity, noting "Section 101.057 of the Texas Civil Practice and Remedies Code provides that any waiver of sovereign immunity does not apply to claims arising out of intentional torts").

White does not dispute TSTC's underlying entitlement to immunity, but instead contends such immunity has been abrogated and/or waived.[1] Resp. [#6] at 2–5. First, White argues Texas waived its immunity to age discrimination cases in Chapter 21 of the Texas Labor Code. *Id.* at 2. The Fifth Circuit has rejected this argument as to age discrimination claims under the ADEA. *See Sullivan*, 217 F. App'x at 394 (finding Texas did not waive immunity of ADEA claims in passing the Texas Labor Code). Second, White asserts TSTC waived sovereign immunity by receiving federal funds. Resp. [#6] at 2–3. This argument too has been foreclosed by the Fifth

---

[1] White only challenges TSTC's Eleventh Amendment immunity arguments as to the age discrimination claims, effectively conceding immunity bars the tort claim asserted here.

Circuit. *See Sullivan*, 217 F. App'x at 394 (finding no waiver under 42 U.S.C. § 2000d–7(a)(1) for state's acceptance of federal funding). Third, White suggests TSTC is not entitled to immunity because there is no legitimate state interest for its discrimination. Resp. [#6] at 3–4 (citing *Kimel v. Florida Board of Regents*, 528 U.S. at 62 (2000)). White's reliance on *Kimel* is misplaced, as the Supreme Court's reference to "legitimate state interest" was with respect to the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 83. The Equal Protection Clause is not at issue here. More related to the issue of immunity at hand, the *Kimel* court held "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Id.* at 91. Accordingly, White's arguments related to abrogation and waiver fail.

Finally, the Court addresses White's reference to the Age Discrimination Act of 1975 (ADA). White does not make the statutory basis of his age discrimination claim clear in the complaint. *See* Compl. [#1] at ¶¶ 18, 19. TSTC treated White's age discrimination claim as arising under the ADEA, and White did little to refute or clarify the same in response. To the extent White relies on the ADA instead of the ADEA, such a claim would also be properly dismissed for lack of subject matter jurisdiction because White has failed to plead facts to suggest he exhausted all administrative remedies before filing this lawsuit. *See D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 455 (5th Cir. 2010) (affirming dismissal of ADA claims, stating "plaintiff must exhaust his administrative remedies before filing an action in the district court."); *see also Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 Fed. Appx. 314, 317 (5th Cir. 2008) (listing administrative prerequisites for a "district court's jurisdiction under the ADA").

For the forgoing reasons, the Court concludes it lacks jurisdiction of White's claims asserted. Dismissal is therefore warranted under Rule 12. TSTC's motion to stay discovery is moot in light of opinion.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Texas State Technical College's Motion to Dismiss [#4] is GRANTED;

IT IS FURTHER ORDERED that Defendant Texas State Technical College's Motion to Stay Discovery [#5] is DISMISSED as moot; and

IT IS FINALLY ORDERED that all claims brought by Plaintiff Robert White in the above-styled and numbered cause are DISMISSED without prejudice.

SIGNED this the ___23rd___ day of February 2018.

_Sam Sparks_

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE